IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD REES, et.al,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>SOUZA'S MILK TRANSPORTATION, CO., et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. CV-F-05-00297 AWI LJO<br><br>**ORDER, *SUA SPONTE*, ON MOTION FOR FACILITATION OF NOTICE TO CLASS MEMBERS** (Doc. 22) |

Pursuant to a notice filed on February 7, 2006, plaintiffs Richard Rees and Robert Winters brought a motion to facilitate notice to potential class members. Defendant Souza's Milk Transportation, Co. filed an opposition on February 21, 2006. On March 22, 2006, this Court denied the motion without prejudice. The Court found that the motion was premature in that the District Court had not yet ruled on the class certifications. The order stated that the Court would reconsider the motion, *sua sponte*, upon the District Court's ruling. By order on April 24, 2006, the District Court certified two classes in the above action. Accordingly, based upon the May 4, 2006 request of plaintiffs, the Court *sua sponte* reconsiders plaintiffs' motion, and defendant's opposition papers, and orders as follows.

## **FACTUAL BACKGROUND**

This case involves claims for unpaid overtime compensation brought by representative plaintiffs on behalf of other truck drivers. The purported class members claim a violation of the Fair Labor Standards Action ("FLSA"), 29 U.S.C. § 210 et seq., and a claim for relief alleges violation of the

California Unfair Competition law ("UCL"), Cal.Bus.& Prof.Code §17200 et seq.

Plaintiffs moved this Court for certification of two classes on February 7, 2006. The classes proposed and ultimately certified are:

(1) Collective action under the FLSA:

> "All persons who are now employed or have been employed by defendant in the State of California who, on or after February 28, 2002, to the time of trial, have worked as a truck driver hauling dairy products from processing plants to warehouses or retail establishments solely within the State of California and have worked in excess of forty (40) hours per week without being paid overtime compensation by Souza for those excess hours."

(2) Class action under the UCL:

> "All persons who are now employed or have been employed by defendant in the State of California who, on or after February 28, 2001 to the time of trial, have worked as a truck driver hauling dairy products from processing plants to warehouses or retail establishments solely within the State of California and have worked in excess of forty (40) hours per week without being paid overtime compensation by defendants for those excess hours."

## **ANALYSIS & DISCUSSION**

This Court has authority to facilitate notice to potential class members. The Supreme Court has held that court authorization and facilitation of the notice process of such actions, under certain circumstances, is proper, "if not necessary." *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 110 S.Ct. 482, 486, 107 L.Ed.2d 480 (1989) (approval of court facilitation in ADEA cases). In the instant case, the parties do not dispute that this Court has authority to facilitate notice to potential class members. In addition, the parties do not dispute the form or the substance of the notice.

This motion is identical in all material respects to the comparable motion made in the related case of *Willis v. Cal-Western Transport,* CV-00-5695, *Baganha v. Cal. Milk Transport*, CV-01-5729, *Vasquez v. Jim Aartman, Inc.*, CV-02-5624, and *Aguayo v. Oldenkamp*, CV-04-6279. The notice is identical in all major aspects as the notices approved in these related cases. Accordingly, the form and substance of the notice are approved.

/////
/////
/////

## **CONCLUSION**

For the foregoing reasons, the motion for notice to class members is GRANTED.

IT IS SO ORDERED.

**Dated:    May 5, 2006**                            /s/ Lawrence J. O'Neill
b9ed48                                                UNITED STATES MAGISTRATE JUDGE