IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD REES, et al.,<br><br>        Plaintiff,<br><br>    v.<br><br>SOUZA'S MILK TRANSPORTATION, CO., et al.,<br><br>        Defendants. | Case No. 1:05-cv-00297 AWI TAG<br><br>ORDER ON MOTION FOR ORDERS REQUIRING DEFENDANT TO DISCLOSE SOCIAL SECURITY NUMBERS FOR PUTATIVE CLASS MEMBERS AND EXTENDING NOTICE PERIOD FOR PUTATIVE CLASS MEMBERS TO "OPT-IN"<br><br>(Doc. 60) |

**I.  Background**

This case involves claims for unpaid overtime compensation brought by representative plaintiffs on behalf of themselves and other truck drivers.  (Doc. 1).  Two classes have been certified, one for claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 210 et seq. (the "opt-in" class), and another for relief under the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, et seq. (the "opt-out" class).  (Docs. 30, 32).

On May 5, 2006, United States Magistrate Judge Lawrence J. O'Neill issued an Order, *Sua Sponte*, On Motion for Facilitation of Notice to Class Members.  (Doc. 33).  That order approved the form and substance of a potential notice to class members.  In an amendment to the order filed on May 9, 2006, Judge O'Neill required defendant to disclose the name and last known address of all truck drivers potentially satisfying the "opt-in" class definition certified by the Court.  (Doc. 35).

1

In order to help effectuate the service of notice upon putative class members, plaintiffs' counsel now moves for an order requiring defendant to disclose the social security numbers of 11 class members for whom mailing to a last known address was insufficient.  Plaintiffs' counsel intends to retain Class Action Locator Service to do a "skip tracing," whereby these social security numbers would be used to find valid addresses for the 11 class members.  The motion also requests an additional 45 days for the filing of Notices of Consent by these class members once they are finally located and sent notice packets. (Doc. 60).  Defendants have not responded to this additional request, pendent as it is upon whether social security numbers are to be disclosed in the first place.

## II.     Analysis

The disclosure of names, addresses, social security numbers, and employment dates of putative class members is a common practice in the class action context.  It has been used, so that putative class members can be located, in a variety of contexts, including under the Fair Labor Standards Act.  E.g., Patton v. Thomson Corp., 364 F. Supp. 2d 263 (E.D.N.Y. 2005) (social security numbers of putative class members ordered disclosed, subject to appropriate confidentiality agreement, in class action under FLSA); Upshaw v. Georgia Catalog Sales, Inc., 206 F.R.D. 694 (M.D. Ga. 2002) (in class action under RICO and state usury law, lender ordered to provide class list that included names, last known addresses, telephone numbers and social security numbers); Babbitt v. Albertson's Inc.. 1992 WL 605652 (N.D. Cal. 1992) (at pre-certification stage of proposed Title VII class action, defendant employer ordered to disclose names, addresses, telephone numbers and social security numbers of current and past employees); Nat'l Assoc. for the Advancement of Colored People v. Boston Housing Authority, 723 F. Supp. 1554 (D. Mass. 1989) (court approved stipulation and settlement agreement entered in class action under Title VI of the Civil Rights Act whereby plaintiff's counsel would be provided with names, last known addresses and social security numbers of all class members); Marcus v. Bowen, 1989 WL 39709 (N.D. Ill. 1989) (in class action involving method for

determining entitlement to disability benefits under the Social Security Act, 42 U.S.C. §§ 401, et seq., court held that plaintiffs' counsel was entitled to names, addresses and social security numbers of identified class members); <u>Johnson v. Heckler</u>, 604 F. Supp. 1070 (N.D. Ill. 1985) (in class action involving standard to be applied under Social Security Act for determining whether severe impairment exists, Commissioner of Social Security ordered to report to plaintiffs' counsel every four weeks with a list of the names and social security numbers of identified class members).

Defendant nevertheless objects that such disclosure violates California Civil Code § 1798.85 and 42 U.S.C. § 408(a)(8). These statutory citations are not well founded. The preclusions to the dissemination of social security numbers listed in § 1798.85 of the California Civil Code are irrelevant: (1) display of social security numbers to the general public, (2) printing of social security numbers on cards required to obtain goods or services, (3) requiring persons to transmit their social security numbers over the internet without encryption, (4) requiring use of a social security number to access an internet web site without also requiring a password or unique personal identification number, and (5) the printing of social security numbers on mailed forms unless required by state or federal law. Cal. Civ. Code § 1798.85(a)(1)-(5). None of these preclusions addresses the situation at issue here, where putative class members need to be located so that their rights under federal and state law may be advanced and protected. Similarly, 42 U.S.C. § 408(a)(8) does not preclude the dissemination of social security numbers in all contexts, but rather only where such disclosure would violate federal law. 42 U.S.C. § 408(a)(8). Defendant has cited no federal law that would be violated by the contemplated disclosure.

Here, plaintiffs' counsel has declared that mass mailings of class notice packets were made to 78 putative class members, but that 11 such packets were returned as undeliverable. (Doc. 60-3, pp. 1-2). Given the important FLSA rights at issue, the long history of disclosure of social security numbers of putative class members in various contexts (including under the

3

FLSA), and the ready ability to protect confidentiality through the use of a protective order (as proposed by Plaintiffs' counsel), the Court finds that the requested disclosure of social security numbers is appropriate.

IT IS THEREFORE ORDERED that:

1. Plaintiffs' Motion for Order Requiring Defendant to Disclose Social Security Numbers for Putative Class Members (Doc. 60) is GRANTED.

2. Within ten (10) days of entry of this Order, defendant shall disclose to plaintiffs' counsel the social security numbers for the following 11 putative class members for whom class notice packets have been returned as undeliverable:

   Joel Avila

   Richard Castro

   Charles Flynn

   Gallo Garcia

   Angelo Guiterrez

   Dean Harrah

   Frank Leonard

   David Martin

   Michael Nichols

   Sal Renteria

   Phil Watson

3. Plaintiffs' counsel shall keep the social security numbers strictly confidential and shall not share them with any entity other than Class Action Locator Service for the sole purpose of developing current mailing addresses for these 11 putative class members.

4. Class Action Locator Service shall keep the social security numbers strictly confidential and shall not use said numbers other than for the purpose of locating current mailing addresses for the 11 putative class members. A copy of this Order shall be delivered to Class

Action Locator Service along with the social security numbers for the 11 putative class members.

5. The deadline for these 11 putative class members to file a Notice of Consent shall be extended to a date that is 45 days from the date of any subsequent mailing by plaintiffs' counsel of a notice packet to the class members. The mailing by plaintiffs' counsel shall occur no later than 45 days after plaintiffs' counsel has received valid social security numbers from defendant.

IT IS SO ORDERED.

Dated:   **November 8, 2006**              **/s/ Theresa A. Goldner**
**j6eb3d**                          UNITED STATES MAGISTRATE JUDGE

5