**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICHARD REES, et al., ) | Case No. 1:05-cv-00297 LJO SMS |
| Plaintiffs, ) | (formerly AWI TAG) |
| ) | |
| v. ) | **INFORMATIONAL ORDER** |
| ) | **REGARDING SCHEDULING** |
| SOUZA'S MILK TRANSPORTATION ) | **- SUBJECT TO** |
| Co., et al., ) | **APPROVAL/ CONFIRMATION BY** |
| ) | **UNITED STATES DISTRICT JUDGE** |
| Defendants. ) | **LAWRENCE J. O'NEILL AT** |
| ) | **SCHEDULING CONFERENCE** |
| ) | **ON JUNE 11, 2007** |

**I.**     **Dates of Most Recent Scheduling Conferences**

February 23, 2007 and March 26, 2007.

**II.**     **Appearances of Counsel**

Jerry Budin appeared telephonically on behalf of Plaintiffs.

Daniel K. Klingenberger appeared in person on behalf of Defendant.

**III**.     **Chronology of Most Recent Scheduling Conferences and Purpose of this Order**

In a telephonic Status Conference on January 22, 2007, the parties and the Court discussed

the need for additional orders regarding discovery and motion deadlines, a pretrial conference, a

settlement conference, and a trial date.   The Court set the matter for a further Scheduling Conference

for February 23, 2007 and directed the parties to file a Joint Scheduling Report by March 15, 2007.

(See, docket entry 81).

The parties filed a Joint Scheduling Report on February 16, 2007. (Doc. 82)  However, the

Court found that the Joint Scheduling Report did not adequately address the disputed and undisputed

facts, or the disputed and undisputed legal issues.  As a consequence, the Court directed the parties

1

1  to submit a more complete Joint Scheduling Report, and set the matter for a further  Scheduling

2  Conference on March 26, 2007.  (See, docket entry 83).

3     On March 15, 2007, Plaintiffs filed an Amended Scheduling Conference Report.  (Doc. 84).

4  Plaintiffs' report was not a joint report, i.e., it was not the product of a joint effort by Plaintiffs and

5  Defendant and it was not signed by Defendant's counsel.  On March 22, 2007, Defendant also filed a

6  Joint Scheduling Report; however, it too, was not a jointly-prepared report and it was not signed by

7  Plaintiffs' counsel.  (Doc. 85).

8     On March 26, 2007, the Court conducted a further Scheduling Conference.  (See, docket

9  entry 86).  During the course of the conference, the Court used both reports and the parties' counsel

10  agreed to various disputed and undisputed factual and legal issues, and to dates for discovery and

11  motion deadlines, a pretrial conference, a settlement conferences, and a trial.  The matter was

12  subsequently reassigned and related to other actions, and is now set for a Scheduling Conference

13  before the Honorable Lawrence J. O'Neill, United States District Judge, on June 11, 2007 at 8:30

14  a.m. in Courtroom 4 of the United States Courthouse, 2500  Tulare Street, Fresno, California. (See,

15  docket entry 96).

16     ***This Informational Order is intended to report on the matters agreed upon by counsel***

17  ***during the March 26, 2007 proceedings; however the matters and dates set forth below are subject***

18  ***to approval/confirmation by District Judge O'Neill at the June 11, 2007 Scheduling Conference.***

19  **IV.   The Pleadings**

20     **A.   Plaintiffs' Contentions**

21     This lawsuit arises out of Defendants' alleged failure to pay overtime compensation to

22  Plaintiffs and other employee truck drivers who haul finished milk products solely within the state of

23  California.  Plaintiffs allege that they are entitled to overtime compensation under federal law and

24  state law.  Plaintiffs further contend that they are entitled to damages and penalties, attorney fees and

25  costs and injunctive relief for Defendants' failure to pay overtime compensation.

26     Plaintiffs have pled two causes of action for failure to pay overtime: one alleging violation of

27  the Fair Labor Standards Act [29 U.S.C. § 207 ("FLSA")] (First Cause of Action) and one alleging

28                                             2

1  violation of the Unfair Business Practices Act [Cal. Bus. & Prof. Code § 17200 et seq. ("UPA")]

2  (Second Cause of Action).

3      By Order dated April 24, 2006 (Doc. 32), this matter has been certified as a collective action

4  under 29 U.S.C. § 216(b) as to the FLSA claim and a class action under Fed.R.Civ.P. 23 as to the

5  state law claim.

6      **B.      Defendant's Contentions**

7      Defendant denies that it has any liability whatsoever to Plaintiffs and/or Plaintiff's purported

8  classes.  Defendant contends that Plaintiffs and/or members of the classes are exempt from the

9  overtime provisions of the FLSA pursuant to the motor carrier safety exemption [29 U.S.C.

10  § 213(b)(1) ("MCSE")], and are not entitled to recovery under the UPA.  Defendant denies that

11  Plaintiffs and/or members of the proposed classes are due any additional compensation above what

12  has already been paid.  Defendant contends that it has complied with the collective bargaining

13  agreement which governs Plaintiffs' employment with Defendant.

14      **C.      Orders Regarding Amendment of Pleadings**

15      Plaintiffs indicated that they wished to amend the complaint to add Manuel B. Souza. Jr. As

16  an additional defendant, and Defendant did not stipulate to the amendment.  Plaintiffs were given

17  until April 6, 2007 to file a motion to amend the complaint.[1]

18  **V.      Factual Summary**

19      **A.      Undisputed Facts**

20          1.      Plaintiffs are truck drivers who have been employed by Defendant.

21          2.      All putative class members will be truck drivers who have been employed by

22  Defendant.

23          3.       Plaintiffs were covered by a collective bargaining agreement and represented

24  _____

25      [1] The Court notes that Plaintiffs filed a timely motion to amend the complaint on April 6,
    2007; the motion was heard and granted on May 8, 2007 and Plaintiffs' counsel was ordered to
26  submit a proposed form of order forthwith.  (Docs. 87-89, 95).  As of the date of this Informational
    Order, no proposed form of order has been submitted.

27

28                                           3

by a union.

4.      All putative class members were covered by a collective bargaining agreement and represented by a union.

**B.      Disputed Facts**

1.      Whether Plaintiffs worked in excess of 40 hours per week for Defendant.

2.      Whether the putative class members worked in excess of 40 hours per week for Defendant.

3.      Whether Plaintiffs received an overtime premium for hours worked in excess of 40 hours per week.

4.      Whether the putative class members received an overtime premium for hours worked in excess of 40 hours per week.

5.      Whether Plaintiffs hauled goods in interstate transportation.

6.      Whether the putative class members hauled goods in interstate transportation.

7.      Whether Plaintiffs were engaged in interstate commerce.

8.      Whether the putative class members were engaged in interstate commerce.

9.      Whether Defendant's alleged failure to compensate Plaintiffs and the putative class members for overtime compensation was in bad faith and whether Defendant had reasonable grounds for believing that Plaintiffs and the putative class members were exempt from overtime under the FLSA.

10.      Whether Defendant knew that its alleged failure to pay overtime compensation was prohibited by the FLSA and whether Defendant showed reckless disregard as to whether its failure to pay overtime compensation was prohibited by the FLSA.

**VI.      Legal Issues**

**A.      Undisputed Legal Issues**

1.      Jurisdiction.

2.      Venue.

3.      Plaintiffs, the putative class members, and Defendants are subject to the

4

FLSA.

**B.    Disputed Legal Issues**

1.    Whether Plaintiffs and the putative class members are subject to the overtime exemption in 29 U.S.C. § 213(b)(1).

2.    Whether Plaintiffs and the putative class members are entitled to liquidated damages.

3.    Whether the limitations period for the FLSA violations is three years.

4.    Whether the limitations period for the state law cause of action under Cal. Bus. & Prof. Code § 17200 is four years.

5.    Whether Defendant's alleged violation of the FLSA as to Plaintiffs and the putative class members also constitutes a violation of Cal. Bus. & Prof. Code § 17200.

6.    Whether Cal. Bus. & Prof. Code § 17200 can be used to avoid California law that provides that Defendant was not obligated to provide overtime compensation to Plaintiffs and the putative class members.

7.    Whether certification as a collective action under the FLSA is proper.

8.    Whether certification as a class action under Fed. R.Civ.P. 23 is proper.

**VII**.    **Status of Matters Pending Before the Court**

There are no matters pending before the Court other than the Scheduling Conference before United States District Judge Lawrence J. O'Neill, which is set for June 11, 2007 at 8:30 a.m. in Courtroom 4 of the United States Courthouse, 2500 Tulare Street, Fresno, California.

**VIII.    Dates Agreed Upon by Counsel**

_____Plaintiffs and Defendant agreed to the following dates, which are subject to the approval/confirmation of United States District Judge O'Neill:

**A.    Discovery cut-off dates**

1.    Non-Experts:

The parties agreed to complete all discovery pertaining to non-experts on or before May 4, 2007.  However, , in light of the recent order granting leave to amend the complaint, the parties may

5

1  wish to request a later discovery cut-off date.

2          2.    Experts:

3  The parties agreed to complete all discovery pertaining to experts on or before July 27, 2007.

4          3.    Experts - Disclosure:

5  The parties agreed to disclose all expert witnesses, in writing, on or before June 1, 2007, and

6  to disclose all supplemental expert witnesses, in writing, on or before June 22, 2007.

7      **B.    Pretrial motion dates**

8          1.    Non-dispositive Motions:

9  The parties agreed that non-dispositive motions will be filed on or before August 31, 2007

10 and noticed for hearing no later than September 24, 2007.

11         2.    Dispositive Motions:

12 The parties agreed that dispositive motions will be filed no later than October 26, 2007 and

13 noticed for hearing no later than December 3, 2007.

14     **C.    Pretrial Conference Date**

15 The parties agreed to a Pretrial Conference date of Friday, January 11, 2008.

16     **D.    Trial Date and Time Estimate**

17 The parties agreed to a trial date of Tuesday, February 26, 2008, for a five day court trial.

18     **E.    Settlement Conference**

19 The parties and Magistrate Judge Goldner agreed to a settlement conference to be conducted

20 on May 24, 2007.  However, this matter has been reassigned and Judge Goldner is no longer

21 available on May 24, 2007.  Consequently, the May 24, 2007 date is vacated and the parties may

22 wish to request a different settlement conference date when they appear at the June 11, 2007

23 Scheduling Conference before District Judge O'Neill.

24

25 IT IS SO ORDERED.

26 Dated:   **May 15, 2007**                              **/s/ Theresa A. Goldner**
                                                UNITED STATES MAGISTRATE JUDGE
27

28                                    6