UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD REES, et al., | ) 1:05-cv-00297-LJO-SMS |
| | ) |
| Plaintiffs, | ) ORDER BIFURCATING LIABILITY ISSUE |
| v. | ) OF THE APPLICABILITY OF THE MOTOR |
| | ) CARRIERS SAFETY EXCEPTION |
| SOUZA'S MILK TRANSPORTATION CO., et al., | ) |
| | ) ORDER CONTINUING PLAINTIFFS' |
| | ) MOTION FOR TERMINATING AND |
| Defendants. | ) MONETARY SANCTIONS (DOC. 157) AND |
| | ) DEFENDANTS' CROSS-MOTION FOR |
| | ) MODIFICATION OF DISCOVERY ORDER |
| | (DOC. 169) AND RESETTING HEARING, |
| | OR, ALTERNATIVELY, A TELEPHONIC |
| | STATUS CONFERENCE |

**Date: April 24, 2008**
**Time: 10:00 a.m.**
**Courtroom: 7**

ORDER SETTING INTERIM DEADLINE
FOR COMPLETED PRODUCTION OF
DOCUMENTS
**Date: April 4, 2008**

ORDER SETTING SETTLEMENT
CONFERENCE AND DIRECTING
SUBMISSION OF SETTLEMENT
CONFERENCE STATEMENT
**Date of Conference:**
**June 5, 2008**
**Time: 10:00 a.m.**
**Courtroom: 7**

ORDER VACATING PRETRIAL
CONFERENCE AND TRIAL DATES

1

Plaintiffs are proceeding with a civil action in this Court. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302(c)(1) and 72-303. Pending before the Court are Plaintiffs' motion for terminating sanctions and for monetary sanctions, and Defendants' cross-motion for modification of the discovery order. The matters proceeded in the chambers of the undersigned Magistrate Judge and off the record at the time previously set for the hearing on the motions, January 25, 2008, at 9:30 a.m. Mr. Jerry Budin appeared and participated on behalf of Plaintiffs, and Mr. David A. Dixon appeared and participated on behalf of Defendants.

I. <u>Bifurcation of the Proceedings</u>

A court has inherent power to control its docket and the disposition of its cases with economy of time and effort for both the court and the parties. <u>Landis v. North American Co.</u>, 299 U.S. 248, 254-255 (1936); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260 (9th Cir. 1992).

The Court may order a separate trial of any claim, cross-claim, counterclaim, third-party claim, or of any issue in furtherance of convenience, to avoid prejudice, or when separate trials will be conducive to expedition and economy. Fed. R. Civ. P. 42(b). Determination of a motion for separate trials is within the Court's sound discretion. <u>Jinro America Inc. v. Secure Investments, Inc.</u>, 266 F.3d 993, 998 (9th Cir. 2001). Factors customarily considered in the determination include convenience, prejudice, judicial economy, risk of confusion, and separability of issues. See Robert E. Jones, Gerald E. Rosen, William E. Wegner, & Jeffrey S. Jones, <u>Federal Civil Trials and Evidence</u>,

2003 ed., § 4:492.

Here, in view of the Court's recent ruling of December 14, 2007, on Plaintiff's motion for summary adjudication, and further considering the parties' progress in meeting and conferring regarding the scope of document production relating to the motor carrier safety exemption that should be required in light of that ruling, the Court concludes that bifurcating liability issues, and specifically, the applicability of the motor carrier safety exemption, from the other issues in this action would be convenient. After an extended off-record conference, the Court discerns no objection to such bifurcation, and it is aware of no claim of prejudice other than the impossibility of readiness for the presently scheduled pretrial conference and court trial, a matter which is remedied by vacating those dates. The issues are severable, and the discovery related to each phase is to some extent discrete. Determination of the liability issue or issues may completely eliminate the need for adjudication of damages issues, and, more directly, is likely to facilitate a meaningful settlement discussion, which both parties desire. A settlement conference will be set pursuant to counsel's request. Thus, bifurcation would further judicial economy and expedition. Some minimal lessening of confusion of issues might result, but in view of the nature of the action and the fact that the trial will be a bench trial, this is not a significant factor here.

After consideration of all these factors and after conferring with the District Judge, the Court determines that bifurcation is appropriate.

Accordingly, it IS ORDERED that the issue of liability,

including the applicability of the motor carrier safety exemption, IS BIFURCATED from the other issues in the case, and will be tried by the Court before other issues relating to damages are tried.

## II. Dates for Production of Discovery, and Hearing or, in the Alternative, Telephonic Status Conference

The hearing on the pending motions did not proceed. Instead, counsel engaged in a lengthy, off-record session of meeting and conferring in chambers with the Court concerning the pending motions, a discovery plan, a settlement conference, and the scope of discovery in this action. Because the recent ruling on the motion for summary adjudication clarified legal issues concerning the motor carriers safety exemption from liability, the scope of discovery was again addressed and discussed. In an effort to facilitate timely production of documents pertinent to the applicability of the exemption and the Defendants' liability, and further in order to promote the sharing of data sufficient to permit intelligent assessment of the risk of application or non-application of the exemption, and ultimately potential settlement and/or trial of the case, counsel agreed to defer seeking an immediate ruling on the pending motions for terminating sanctions and modification of discovery orders. Counsel agreed to continue to meet and confer concerning outstanding discovery consisting principally of production of documents (requests 4 and 10 concerning the exemption, and request 3 concerning payroll records throughout the potential period of liability).

Specifically, counsel for Defendant agreed to produce documents pertinent to the exemption issue and a determination of

the character of Defendant's trucking as interstate or intrastate commerce and, specifically the percentages thereof, in order to facilitate assessment of the relative merits of the parties' cases insofar as they involve the application of the motor carriers safety exemption. Counsel discussed production of general and specific documents, including some substantial and sufficient sampling of specific, supporting documents such as, but not limited to, bills of lading, in order to reflect fairly the character of Defendant's trucking; counsel discussed production of documents concerning the total volume of business (hauls and dollars), the percentage of business of some major customers, and within those broader categories, the routes, character of goods, destinations, and hauls. Counsel anticipated a rolling course of production as part of a continuing effort to meet and confer on the nature and extent of the production required in order for the parties to be in a position to engage in meaningful settlement discussions and thereafter, in the absence of settlement, to proceed in an orderly course to trial of all issues. The Court remains ready to assist the parties with informal telephonic discovery conferences if needed.

    Therefore, the parties ARE DIRECTED to continue to meet and confer, and Defendants ARE DIRECTED TO COMPLETE PRODUCTION of all documents responsive to requests 4 and 10 concerning the applicability of the motor carrier safety exemption NO LATER THAN APRIL 4, 2008.

    Further, based on the consent of counsel, and in the exercise of its discretion to control its docket and to conserve the resources of the Court and the parties, the Court CONTINUES

the hearing on Plaintiff's motion for terminating sanctions and monetary sanctions, as well as Defendant's cross-motion for modification of discovery orders, until April 24, 2008. It is not anticipated that the Court will have a formal hearing on the motions on that date; rather, a telephonic discovery status conference will be held regarding the status of the discovery at that time.

At the discovery conference held in chambers, Plaintiffs' counsel stated that his immediate goal was the completion of discovery, as distinct from the termination of the case for discovery noncompliance, and he expressed a willingness to defer the consideration and determination of the issue of terminating sanctions in the interest of obtaining adequate discovery to permit intelligent assessment of the liability aspects of the case. Therefore, the Court has directed the continuance of the full hearing on the motion for terminating and monetary sanctions, and on the Defendants' motion for modification of the discovery orders; further, the Court has agreed to additional time for the discovery process.

However, the Court has serious concerns with the delay caused to the Plaintiffs by the Defendants' failure to meet and confer regarding ongoing discovery issues, participate in the preparation of joint statements regarding discovery disputes, and object responsibly to the reasonable discovery requests of Plaintiff. The Court also is deeply concerned about the Defendants' repeated and apparently unjustified failure to comply with the Court's previous discovery orders. The Court notes that separate and apart from failing to produce requested discovery,

6

1  Defendants and/or their counsel have failed to comply with the
2  Court's previous order of payment of $500.00 by Defendants and
3  Defendants' counsel by November 2, 2007.
4      Therefore, the Court has determined to continue the matter
5  of monetary sanctions only because of the continuing willingness
6  of the parties and counsel to proceed in good faith to expedite
7  discovery and work efficiently, cooperatively, and in good faith
8  as officers of the Court to explore settlement and ultimate
9  preparation of the case for trial.
10     III. <u>Settlement Conference</u>
11     On July 24, 2007, the Court vacated a settlement conference
12 dates after Plaintiffs' counsel advised the Court that it would
13 not be productive; the parties were to contact the Court for a
14 new settlement conference if they felt it could be productive. A
15 letter to the Court from Plaintiff's counsel dated July 13, 2007,
16 and filed thereafter, requested vacating the conference but
17 rescheduling it after defense counsel responded to Plaintiff's
18 counsel's request for new dates. There is no further entry in the
19 minutes concerning a settlement conference.
20     It presently appears that a settlement conference, set for a
21 time after production of documents has been completed, could be
22 productive.
23     Therefore, counsel and the parties ARE DIRECTED TO APPEAR at
24 a settlement conference on June 5, 2008, at 10:00 a.m.
25     Counsel ARE FURTHER INFORMED that a Confidential Settlement
26 Conference Statement IS MANDATORY, and must be submitted to Judge
27 Snyder's chambers, at least five (5) court days prior to the
28 Settlement Conference, by e-mail to SMSOrders@caed.uscourts.gov.

Failure to so comply may result in the imposition of monetary and/or other sanctions.

Further, counsel ARE DIRECTED to comply with all pertinent directions concerning the settlement conference and the settlement conference statement as set forth in the Court's scheduling conference order of June 12, 2007.

IV. <u>Vacating Pretrial Conference and Trial Dates</u>

After a full discussion with counsel in chambers, the Court concludes that adherence to the presently set trial date of March 24, 2008, would result in prejudice to the parties, and that there is no realistic possibility of readiness for a pretrial conference presently set for February 8, 2008. Because the parties are meeting and conferring in good faith in a continuing effort to complete discovery efficiently in light of the recent rulings of the Court, the Court has determined that a change in the trial and pretrial conference dates is in the interest of justice.

Accordingly, the Court VACATES the presently set pretrial conference date of February 8, 2008, and the presently set trial date of March 24, 2008. The Court anticipates re-setting these dates at the telephonic status conference of April 24, 2008.

IT IS SO ORDERED.

**Dated: January 29, 2008**           **/s/ Sandra M. Snyder**
                                      UNITED STATES MAGISTRATE JUDGE

8