1 | Jerry N. Budin
State Bar #88539
2 | Law Office of Jerry Budin
2401 E. Orangeburg Ave., Ste. 675-309
3 | Modesto, California 95355
Telephone: (209) 544-3030
4 | Facsimile: (209) 544-3144

FILED

MAR  4 2009

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

5 | Attorney for Plaintiffs,
RICHARD REES, et al.

6

7

8 |                UNITED STATES DISTRICT COURT

9 |                EASTERN DISTRICT OF CALIFORNIA

10 |                    (Fresno Division)

11

12 | RICHARD REES, et al.,            )    CASE NO. CV-F-05-0297 LJO SMS
                                     )
13 |            Plaintiffs,          )  [PROPOSED] ORDER ON
                                     )  PRELIMINARY APPROVAL OF
14 | vs.                             )  STIPULATION REGARDING CLASS
                                     )  ACTION SETTLEMENT; EXHIBITS A-D
15 |                                 )
SOUZA'S MILK TRANSPORTATION,         )  Date : March 3, 2009
16 | et al.,                         )  Time : 1:00 p.m.
                                     )  Crtrm: 4
17 |            Defendants.          )  Judge: Hon. Lawrence J. O'Neill
_____)

18

19 |      The parties in this class action have reached a proposed

20 | settlement and seek preliminary approval of the proposed

21 | Stipulation Regarding Settlement Of Class Action  and the Notice of

22 | Proposed Class Action Settlement And Fairness Hearing (Ex. 1) and

23 | the Claim Forms (Ex. 2 and 3) attached thereto.

24 |      The motion came on for an expedited hearing at 1:00 p.m. on

25 | March 3, 2009 in Courtroom 4 of this court. Plaintiffs and Class

26 | Representatives, Richard Rees and Robert Winters, individually and

27 | on behalf of all others similarly situated (collectively

28 | "plaintiffs"), appeared in person and with Class counsel Jerry

Budin, Law Office of Jerry Budin. Because of the expedited nature of the hearing, Defendants did not make an appearance. Having considered the plaintiffs' oral presentation to the Court and all of the supporting papers previously filed herein, the Stipulation Regarding Settlement Of Class Action and the exhibits attached thereto, the Court issues the following Orders:

1. This Order incorporates by reference the definitions in the Stipulation Regarding Settlement of Class Action ("Stipulation") and all terms defined therein shall have the same meaning in this Order as set forth therein. The Stipulation is attached hereto as Exhibit A.

2. The Court hereby preliminarily approves the attached Stipulation. The Court preliminarily finds that the Class members are similarly situated and meet the requirements for class certification under F.R.C.P. 23 and as a collective action under 29 U.S.C. §216(b). The Court further preliminarily finds that the Stipulation appears to be within the range of reasonableness of a settlement that could ultimately be given final approval by this court. It appears to the Court that the Stipulation is fair, adequate and reasonable as to all potential Class Members, when balanced against the probable outcome of further litigation. It further appears that counsel for the Parties at this time are reasonably able to evaluate their respective positions. It further appears to the Court that settlement at this time will avoid substantial additional costs to all Parties, as well as the delay and risks that would be presented by further prosecution of these Actions. Additionally, it appears that the proposed Stipulation was reached as a result of intensive, non-collusive, arms-length

negotiations.

3. A hearing ("Fairness Hearing") shall be held before this Court on May 18, 2009 at 8:15 a.m. in Courtroom 4 in the United States District Court for the Eastern District of California, located at 2500 Tulare Street, Fresno, California, to determine all necessary matters concerning the settlement, including: whether the proposed settlement of the Actions on the terms and conditions provided is fair, adequate, and reasonable, and should be finally approved by the Court; whether the cases should be dismissed with prejudice pursuant to the terms of the settlement; whether the settlement should be approved as fair, adequate, and reasonable to the Class Members; whether the Court should finally approve the amount of attorney fees and costs to be awarded Class Counsel, Jerry Budin.

4. The Court hereby approves, as to form and content, the proposed "Notice of Proposed Class Action Settlement and Fairness Hearing" ("Notice;" attached hereto as Exhibit B) and the "Claim Forms" (attached hereto as Exhibit C and D). The Court finds that the distribution of the Notice substantially in the manner and form set forth in the Stipulation meets the requirement of due process under Federal Rule of Civil Procedure 23(e) and 29 U.S.C. §216(b), that such Notice is the best practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

5. Any class member who wishes to receive a portion of the settlement fund must complete and submit a properly completed Claim Form, pursuant to the instructions for making a claim that are set forth in the Notice, so that it is postmarked no more than forty-

five (45) days after the date the Notices are mailed. Any class member who does not submit a Claim Form will not be entitled to any recovery, unless the parties agree to allow the late claim.

6. Any class member may choose to "opt-out" of and be excluded from the settlement as provided in the Notice by following the instructions for requesting exclusion from the Stipulation that are set forth in the Notice. All requests for exclusion must be submitted so that they are postmarked no more than thirty (30) days after the date the Notices are mailed. Any such person who chooses to "opt out" of and be excluded from the class will not be entitled to receive any proceeds from this settlement, and will not be bound by this settlement or have any right to object, appeal, or comment thereon.

7. Any class member who has not validly requested exclusion from the class and the Stipulation may appear at the Fairness hearing and may object or express his/her views regarding the settlement, and may present evidence and file briefs or other papers, that may be proper and relevant to the issues to be heard and determined by the Court, as provided in the Notice. However, no class member or any other person shall be heard or entitled to object, and no papers or briefs submitted by any such person shall be received or considered by the Court, unless the person on or before that day which is thirty (30) days after the Notice is mailed has filed with the Clerk of this court, and mailed by first class postage to Class Counsel (Jerry Budin, Law Office of Jerry Budin, 2401 E. Orangeburg Ave., Modesto, CA 95355) and Defendant's Counsel (David Dixon, Dowling, Aaron & Keeler, 5060 California Ave., Suite 620, Bakersfield, CA 93309): (i) a written statement

1  advising if the individual plans to address the Court at the
2  Fairness Hearing; (ii) a written statement of the individual's
3  objections; and (iii) any other papers which the individual
4  purposes to submit to the Court, including any legal briefs or
5  memoranda. Any such person who does not make an objection in the
6  manner provided for in this Order shall be deemed to have waived
7  such objection and shall forever be foreclosed from making any
8  objection to the settlement.

9      8.   In the event the Stipulation does not become effective in
10  accordance with the terms of the Stipulation, or the Stipulation is
11  not finally approved, or is terminated, canceled or fails to become
12  effective for any reason, this Order shall be rendered null and
13  void and shall be vacated, and the Parties shall revert to their
14  respective positions as of before entering into the Stipulation.

15      9.   For purposes of effectuating this settlement, the Court
16  adopts the Class definitions (FLSA Class 1 and UCA Class 2)
17  previously certified in this matter on April 24, 2006 (Doc. 32).

18      10.  For purposes of effectuating this settlement, the Court
19  hereby reaffirms the appointment of  Jerry Budin as Class Counsel
20  and Richard Rees and Robert Winters as Class Representatives.

21      IT IS SO ORDERED.

22

23  DATED:  3-4-09

24                                    LAWRENCE(J) O'NEILL
                                      UNITED STATES DISTRICT JUDGE
25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

EXHIBIT A

28

STIPULATION REGARDING SETTLEMENT OF
CLASS ACTION; EXHIBITS 1-3

CASE NO. CV-05-0297 LJO SMS

1 | Jerry N. Budin
State Bar #88539
2 | Law Office of Jerry Budin
2401 E. Orangeburg Ave., Ste. 675-309
3 | Modesto, California 95355
Telephone: (209) 544-3030
4 | Facsimile: (209) 544-3144

5 | Attorney for Plaintiffs,
RICHARD REES, et al.
6

7 | David A. Dixon
State Bar #221401
8 | Dowling, Aaron & Keeler, Inc.
5060 California Avenue, Suite 620
9 | Bakersfield, California 93309
Telephone: (661) 716-3000
10 | Facsimile: (661) 716-3005

11 | Attorneys for Defendant,
SOUZA'S MILK TRANSPORTATION CO., et al.
12

13 | UNITED STATES DISTRICT COURT

14 | EASTERN DISTRICT OF CALIFORNIA

15 | (Fresno Division)

16

17 | RICHARD REES, et al.,  )  CASE NO. CV-F-05-0297 LJO SMS
                          )
18 |         Plaintiffs,  )  STIPULATION REGARDING
                          )  SETTLEMENT OF CLASS ACTION;
19 | vs.                  )  EXHIBITS 1-3
                          )
20 | SOUZA'S MILK TRANSPORTATION  )
    CO., et al.,         )
21 |                      )
            Defendants.   )
22 | _____)

23

24

25

26

27

28

1

TABLE OF CONTENTS

2

PAGE

3   I.      INTRODUCTION............................................ 1

4   II.    NATURE OF THE CASE AND REASONS FOR SETTLEMENT.......... 2

5   III.  GENERAL TERMS OF THE STIPULATION....................... 3

6         A.  Definitions........................................ 3

7         B.  Jurisdiction and Venue............................. 5

8         C.  Non-Admissions..................................... 5

9         D.  Effect Of This Stipulation......................... 6

10        E.  Duties Of Plaintiffs' Counsel...................... 7

11  IV.    SETTLEMENT CLASSES..................................... 8

12  V.     SETTLEMENT TERMS....................................... 8

13        A.  The Settlement Sum................................. 8

14           1.  Payments To Settlement Class Members.......... 9

15        B.  Incentive Award.................................... 9

16        C.  Claims Administration And Filing Procedures........ 9

17        D.  Procedures For Payment Of Claims................... 10

18        E.  Time For Disbursement Of Settlement Payments....... 11

19        F.  Duties Of Defendants Souza......................... 11

20  VI.    ATTORNEY FEES.......................................... 11

21  VII.  TAXABILITY OF MONEY PAID TO THE MEMBERS OF THE
          CLASS.................................................. 12
22

23  VIII. STATUS AND DISPOSITION OF UNCLAIMED FUNDS.............. 13

    IX.    NO APPEAL ON BEHALF OF CLASS REPRESENTATIVES
24        OR PLAINTIFFS.......................................... 13

25  X.     NOTICE AND OPPORTUNITY FOR OBJECTIONS AND TO
          SEEK EXCLUSION......................................... 14
26

    XI.    NO RETALIATION......................................... 14
27
    XII.  MISCELLANEOUS PROVISIONS............................... 14
28

1        Plaintiff and Class Representatives Richard Rees and Robert
2   Winters, on behalf of themselves and on behalf of all members of
3   two (2) classes hereinafter defined, and Defendants Souza's Milk
4   Transportation Co. and Manuel B. Souza, Jr. (collectively referred
5   to as "parties"), hereby stipulate and agree on all of the terms
6   of a settlement in this matter and agree to request a hearing for
7   preliminary approval of this class action settlement.

8   I.    INTRODUCTION

9        This Stipulation Regarding Settlement Of Class Action
10  ("Stipulation") sets forth the full and final terms by which the
11  Plaintiffs Richard Rees and Robert Winters, on behalf of themselves
12  and members of the classes defined herein, and Defendants Souza's
13  Milk Transportation Co. and Manuel B. Souza, Jr. (collectively
14  referred to herein as "Souza") have settled and resolved any and
15  all claims and potential claims between them relating to any
16  alleged wage and hour violations under the Fair Labor Standards Act
17  (29 U.S.C. §201 et seq.), the California Labor Code, the California
18  Industrial Welfare Commission Wage Orders and/or California's
19  Unfair Competition Act (Cal. Bus. & Prof. Code § 17200 *et seq.*)
20  ("UCA" or "17200"), including but not limited to claims that Souza
21  failed to pay overtime to its truck drivers for hours worked in
22  excess of forty (40) in a workweek.  By agreeing to this
23  Stipulation, Souza does not admit to any liability and, in fact,
24  such liability is expressly denied.  Souza has voluntarily entered
25  into this Stipulation to avoid protracted and costly litigation.
26  Souza has also specifically asserted that the truck drivers were
27  not subject to the overtime provisions at issue due to the
28  applicability to the Motor Carrier Act Exemption.

1  **II.   NATURE OF THE CASE AND REASONS FOR SETTLEMENT**

2      This case ("Action"), filed on February 28, 2005 and amended

3  on June 2, 2007, alleges that Souza failed to pay overtime to its

4  truck drivers for hours worked in excess of forty (40) in a

5  workweek.  Souza has specifically denied, and continues to deny,

6  each and every allegation made by the Plaintiffs in this Action.

7      The parties to this Action desire to settle it and have

8  agreed to enter into this Stipulation for the purpose of resolving

9  the Action.   This Stipulation has been jointly negotiated and

10  drafted by counsel completely familiar with the legal and factual

11  issues in the Action, along with the Class Representatives and

12  representatives of Souza, after extensive discovery and substantial

13  and extensive discussions regarding claims and defenses by counsel

14  for the parties, including the financial condition of Souza.   The

15  parties have negotiated this settlement at arm's-length and in good

16  faith.

17      Based upon their knowledge of the case and extensive

18  negotiations, all counsel believe that this Stipulation is fair,

19  reasonable and adequate to resolve this Action in its entirety, and

20  that settlement at this time on these terms is in the best

21  interests of all the parties.

22      Counsel and the parties have considered, among other things,

23  the expense, inconvenience, and time demands of continuing

24  burdensome and protracted litigation, the risks inherent in

25  litigation, and the benefits provided by the terms of this

26  Stipulation.   This Stipulation represents the parties' joint

27  efforts to avoid further litigation and does not represent any

28  admission of liability by Souza on the merits of this

1 | Action.    Neither  party  is  responsible  for  or  adopts  the
2 | justification for settlement of the other party.

3 | **III. GENERAL TERMS OF THE STIPULATION**

4 |     **A.    Definitions**

5 |     For purposes of this Stipulation and all exhibits hereto, the
6 | capitalized terms in such documents shall have the meanings set
7 | forth below. All terms defined in the singular shall have the same
8 | meaning when used in the plural, and all terms in the plural shall
9 | have the same meaning when used in the singular, unless otherwise
10 | noted.

11 |     1.    "Authorized Claimant" or "Claimant" shall mean only
12 | a person who is entitled to a settlement payment and who has timely
13 | submitted a completed "Claim Form".

14 |     2.    "Claim Forms" ("Claim Forms") shall mean the forms
15 | attached hereto as Exhibits 2 and 3.

16 |     3.    "Claim Form Submission Date" shall mean the postmark
17 | date the completed Claim Form was mailed, or the date of personal
18 | delivery  of  the  completed  Claim  Form,  to  the  Settlement
19 | Administrator.

20 |     4.    "Class Counsel" or "Plaintiffs' Counsel" shall mean
21 | Jerry Budin of the Law Office of Jerry Budin, 2401 E. Orangeburg,
22 | Suite 675-309, Modesto, CA 95354-1123.

23 |     5.    "Class Representatives" refers only to Plaintiff
24 | Richard Rees and Robert Winters.

25 |     6.    "Court" shall mean the United States District Court,
26 | Eastern District of California.

27 |     7.    "Effective Date" of this Stipulation shall mean the
28 | later of (a) the 15th day after the date of final approval of this

1  Stipulation by the Court, if no objections are made, (b) the 15th
2  day after this Stipulation becomes final and non-appealable, in the
3  event that an objection to this Stipulation has been filed or (c)
4  the 15th day after the issuance of a remittitur in the event of an
5  appeal.

6      8.    "Employee Taxes" shall mean any and all federal,
7  state and local taxes required to be withheld by Souza as the
8  employer from the settlement payments for the employees' portion of
9  taxes, including but not limited to any withholdings required for
10  federal income tax, Social Security, Medicare and California state
11  income tax and state disability (SDI).

12      9.    "Employer Taxes" shall mean any and all taxes and
13  contributions imposed by federal, state or local law on Souza as
14  the employer for the employer's portion of federal Social Security
15  and  Medicare,  federal  unemployment  tax,  California  state
16  unemployment tax and any other taxes.

17      10.  "Fairness Hearing" or "Final Approval Hearing" shall
18  mean the Court's public hearing or hearings to determine whether
19  the proposed Stipulation shall be finally approved.

20      11.  "Notice" shall mean that document headed "Notice Of
21  Proposed Class Action Settlement and Fairness Hearing" (attached
22  hereto as Exhibit 1).

23      12.  "Parties" shall mean the Plaintiffs including the
24  Class  Representatives  and  all  Plaintiff  classes  and
25  defendants Souza's Milk Transportation Co. and Manuel B. Souza, Jr.

26      13.  "Preliminary Approval Date" of this Stipulation
27  shall mean the date this Court grants its preliminary approval to

28

1 | this Stipulation.

2 | 14. "Souza's Counsel" shall mean the law firm of
3 | Dowling, Aaron & Keeler, Inc., 5060 California Avenue, Suite 620
4 | Bakersfield, California 93309, including attorneys Daniel K.
5 | Klingenberger and David A. Dixon.

6 | 15. "Settlement Administrator" shall refer to Class
7 | Counsel Jerry Budin.

8 | 16. "Settlement Classes" or "Class Members" shall mean
9 | those classes of persons defined in section IV of this Stipulation.

10 | 17. "Taxes" shall mean, collectively, all "Employee
11 | Taxes" and "Employer Taxes."

12 | **B.    Jurisdiction And Venue**

13 | The Parties agree that this Court has jurisdiction over
14 | the subject matter of and the parties to this Action and that venue
15 | is proper. The Court shall retain jurisdiction of this Action for
16 | the purpose of entering all orders and judgments authorized
17 | hereunder that may be necessary to implement and enforce the relief
18 | provided herein.

19 | **C.    Non-Admissions**

20 | Souza at all times has denied and continues to deny the
21 | allegations of the Action. Souza has alleged numerous affirmative
22 | defenses to the Action and does not admit to any obligation to pay
23 | any additional compensation, regular or overtime. Souza does not
24 | admit that it violated the FLSA, California Labor Codes, the
25 | California Wage Orders or the UCA, including claims that Souza
26 | failed to pay overtime to its truck drivers for hours worked in
27 | excess of forty (40) in a workweek. Souza expressly denies any such

28 |

1  violations, and further asserts the applicability of the Motor
2  Carrier Act Exemption.

3      Souza's voluntary agreement to the terms of this Stipulation
4  shall not be deemed an admission of liability and none of the
5  parties to this Action shall be deemed a prevailing party.  There
6  has been no judicial determination in the Action that Souza has
7  violated any law, order or regulation of the United States or of
8  the State of California regarding its payment of wages.  This
9  Stipulation shall not constitute an adjudication and/or finding on
10  the merits of the case and shall not be used as evidence of
11  liability, *res judicata* or collateral estoppel in any other legal
12  proceeding against Souza.

13      Nothing in this Stipulation shall be deemed admissible in any
14  forum or proceeding as evidence of an admission by Souza that it
15  has engaged in any practice, act or omission in violation of the
16  FLSA, California Labor Code, the UCA or any other state or federal
17  law or regulation.  This Stipulation shall not be admissible as
18  evidence in any forum for any reason, other than in an action to
19  enforce its terms.

20      **D.   Effect Of This Stipulation**

21      This Stipulation fully and finally resolves all claims,
22  demands and causes of action of the Plaintiffs and the Settlement
23  Classes as described below that were raised or could have been
24  raised against Souza, its present and former parent companies,
25  subsidiaries and affiliates, owners, shareholders, directors,
26  officers, employees and agents, and representatives of each, at any
27  time up to and including the Preliminary Approval Date of this
28  Stipulation, with the exception of those claims of Class Members

1  who timely request exclusion ("opt-out") from the Settlement
2  Classes and settlement described herein in accordance with the
3  exclusion procedures set forth in Section X below.

4      The preclusive effect of this Stipulation applies to any and
5  all claims for legal relief, equitable relief, monetary relief
6  including, but not limited to, payment of wages, damages, interest,
7  penalties, attorney fees and any monetary relief available under
8  the FLSA, California Labor Code, the California Wage Orders,
9  California Business & Professions Code section 17200 et seq. or any
10 other federal, state or local law and any other relief directly or
11 indirectly related to the wage and hour violations alleged in the
12 Action, including but not limited to claims that Souza failed to
13 pay overtime to its truck drivers for hours worked in excess of
14 forty (40) in a workweek

15     The Settlement Class, including the Class Representatives and
16 each Class Member, waive all rights to which they may be entitled
17 pursuant to California Civil Code section 1542 with respect to the
18 aforementioned wage and hour claims. Section 1542 provides as
19 follows:

20          A general release does not extend to claims
            which the creditor does not know or suspect to
21          exist in his or her favor at the time of
            executing the release, which if known by him
22          or her must have materially affected his or
            her settlement with the debtor.
23

24 **E.    Duties Of Plaintiffs' Counsel**

25     Plaintiffs' counsel shall prepare all papers associated with
26 the settlement, including the settlement agreement, the notice to
27 the class, the claim form, the motion for preliminary approval and
28 the motion for final approval.

**IV.   SETTLEMENT CLASSES**

This Stipulation shall apply to the two (2) classes of truck drivers which have been previously certified and formed in this Action.   Those two classes are as follows:

### Settlement Class 1

All persons who are employed or have been employed by Souza in the State of California who, on or after February 28, 2002 to May 1, 2005, have worked as a truck driver hauling dairy products from processing plants to warehouses and retail establishments solely within the State of California, have worked in excess of forty (40) hours per week without being paid overtime compensation for those excess hours and have previously joined this action by filing a Notice Of Consent To Join As Party Plaintiff.

The Settlement Class 1 consists of thirty (30) members.

### Settlement Class 2

All persons who are employed or have been employed by Souza in the State of California who, on or after February 28, 2001 to May 1, 2005, have worked as a truck driver hauling dairy products from processing plants to warehouses and retail establishments solely within the State of California, have worked in excess of forty (40) hours per week without being paid overtime compensation for those excess hours and have not previously opted-out of this action.

The Settlement Class 2 consists of fifty-five (55) members.

**V.   SETTLEMENT TERMS**

**A.   The Settlement Sum**

For the purpose of satisfying and settling all of the claims of the Settlement Classes, as those claims are defined here and in the operative version of the Complaint in the above-captioned action, Souza shall pay the gross aggregate sum ("Sum") of Forty-Five Thousand Dollars ($45,000.00) as described in Section V(F) below.

1   The Sum is the sole payment that Souza shall be required to
2   make to settle this case and the foregoing claims, including all
3   claims for attorney fees and costs (including costs of settlement
4   administration), Employer Taxes and incentive awards to the Class
5   Representatives.

6   **1.   Payments To Class Members**

7   The payments to the Settlement Class Members shall be made on
8   a pro-rata basis and there shall be no reversion of any portion of
9   the Sum to Souza.

10   The amount of Thirty Thousand Dollars ($30,000.00) shall be
11   allocated to pay the Authorized Claimants from Settlement Class 1
12   and the amount of Two Thousand Dollars ($2,000.00) shall be
13   allocated to pay the Authorized Claimants from Settlement Class 2.

14   **B.   Incentive Award**

15   Class Counsel will apply for  Incentive Awardd for the Class
16   Representatived, Richard Rees and Robert Winters, in an amount not
17   to exceed $1,000.00 each.  The Incentive Awards shall be paid out
18   of and deducted from the Settlement Sum before the calculation of
19   payments to each Authorized Claimant.  Souza agrees not to oppose
20   such an application.  The Incentive Awards shall be paid at the
21   same time as the Settlement payments and attorney fees are paid
22   pursuant to Section F below.  The Incentive Award will not be
23   treated as wages for withholding purposes and Souza will issue a
24   1099 Form for each Incentive Award.

25   **C.   Claims Administration And  Filing Procedures**

26   Class  Counsel,  Jerry  Budin,  shall  serve  as  Settlement
27   Administrator.  Within thirty (30) days of the Preliminary Approval
28   Date, the Settlement Administrator shall mail copies of the Notice

1 (Exhibit 1) and the appropriate Claim Form (Exhibit 2 or 3) to
2 every Settlement Class member at his/her last known address.  Any
3 signed Claim Form submitted in accordance with the procedures set
4 forth in the Notice and on the Claim Form and postmarked or hand-
5 delivered within 60 days from the date of mailing of the Notice
6 shall be considered timely, except that the parties, through their
7 respective Counsel and subject to Court approval, may accept any
8 untimely Claim Form.

9    The  Parties  agree  to  cooperate  in  the  Settlement
10 Administration process and to make all reasonable efforts to
11 control and minimize the costs and expenses incurred in the
12 administration of the settlement, including the use of Class
13 Counsel and/or vendors to complete some or all of the claims
14 administration process.  Class counsel shall not seek any attorney
15 fees for acting as Settlement Administrator beyond the attorney
16 fees set forth in Sec. VI below.

17    **D.   Procedures For Payment Of Claims**

18    In order to promote both fairness and efficiency, each claim
19 will be paid on a pro-rata basis according to the terms of section
20 V(A)(1), after verification of the information provided on the
21 Claim Form.  The pro-rata and verification system shall be applied
22 uniformly, will not be discretionary and may be amended only by
23 Court Order.   Each Authorized Claimant shall be allocated a
24 commensurate proportion of the Sum after the deduction of attorney
25 fees and costs, Incentive Award to the Class Representative Hector
26 Arciniega and the Employer Taxes.

27    Each check issued to an Authorized Claimant shall bear an
28 inscription indicating that the check will become void if not

1  cashed within one hundred twenty (120) days from the date of the
2  check's issuance.

3      The awards made to Authorized Claimants shall be deemed wage
4  payments and shall be subject to tax withholding as described in
5  Section VII below.

6      **E.   Time For Disbursement Of Settlement Payments**

7      Class Counsel shall mail the settlement payments, pursuant to
8  the terms of this Stipulation, to each Authorized Claimant's last
9  known mailing address within fifteen (15) days of the receipt of
10 the payments from Souza.  Class Counsel shall attempt to identify
11 a new address and re-mail the check for any Authorized Claimant
12 whose check is returned as "Undeliverable".

13     **F.   Duties Of Defendants Souza**

14     Defendants Souza shall do the following:

15          1.   Souza shall not oppose an application by Class
16 Counsel for attorney's fees and costs in an amount not to exceed
17 Eight Thousand Five Hundred Dollars ($8,500.00).

18          2.   Souza will issue the settlement payments for each
19 individual Authorized Claimant and shall forward them to Class
20 Counsel for distribution to the Claimants.

21          3.   Souza shall deliver the settlement payments for the
22 Authorized Claimants to Class Counsel on or before one hundred
23 eighty (180) days after the Effective Date of this Stipulation. If
24 Souza does not make the payments as specified, each late payment
25 shall be subject to interest at the rate of 10% per annum from the
26 due date until paid.

27 **VI.  ATTORNEY FEES**

28     Although neither party to this Action is deemed to be a

1  prevailing party, Souza agrees not to oppose Class Counsel's motion
2  for actual costs and reasonable attorney fees from the Sum in an
3  amount  not  to  exceed  Eight  Thousand  Five  Hundred  Dollars
4  ($8,500.00). Said motion will be heard in conjunction with the
5  Fairness Hearing.   The attorney fees and costs awarded to Class
6  Counsel shall be deducted from the Sum before the calculation of
7  the payments to each Authorized Claimant and shall be paid at the
8  same time as those payments.

9  **VII. TAXABILITY OF MONEY PAID TO THE MEMBERS OF THE CLASS**

10       The parties agree that the amounts paid pursuant to this
11  Stipulation to the Authorized Claimants, excluding the Incentive
12  Awards, are taxable under the United States Tax Code and the tax
13  codes of the various states and territories of the United States.
14  Withholding of taxes and payment of the employers' portion of taxes
15  by Souza shall be in accordance with applicable law, as stated in
16  Revenue  Ruling  2008-29  and  Circular  E.    Pursuant  to  those
17  authorities, withholdings for those Authorized Claimants who are
18  not eligible to receive the optional flat rate withholding under
19  §31.3402(g-1(a)(7)(i) of the regulations shall be determined by the
20  aggregate procedure described in §31.3402(g)-1(a)(6).   For those
21  Authorized Claimants eligible for both the optional flat rate
22  withholding or the aggregate procedure, withholdings shall be
23  determined by whichever of the two methods Class Counsel shall
24  specify, and this Stipulation and shall be based on an annual
25  payroll period.  Prior to the issuance of the settlement payments,
26  Class Counsel shall notify which withholding method shall be used
27  as to those Authorized Claimants eligible for either method, and
28  ///

1  Souza will notify Class Counsel as to the amounts of the Employee
2  Taxes and Employer Taxes based on the selection made by Class
3  Counsel.  No representations are made by or to any party to this
4  Stipulation as to the tax consequences of the monetary payments
5  pursuant to this Stipulation.  Each person receiving payment of
6  money pursuant to this Stipulation shall be responsible for their
7  own tax liability for payments made herein and the allocations
8  specified herein.

9  **VIII. STATUS AND DISPOSITION OF UNCLAIMED FUNDS**

10      One-Hundred Fifty (150) days after Class Counsel has
11 distributed each payment to the Authorized Claimants, Souza shall
12 make a written report to Class Counsel of whether any checks drawn
13 on the Sum were returned or unpaid.  At that time, any unclaimed
14 funds shall be distributed by Class Counsel on a pro-rata basis to
15 the other Authorized Claimants.

16 **IX.  NO APPEAL ON BEHALF OF CLASS REPRESENTATIVES OR PLAINTIFFS**

17      This Stipulation is the product of extensive negotiation by
18 counsel completely familiar with the legal and factual issues in
19 these cases, along with representatives of the parties, after
20 extensive discovery and substantial and extensive discussions
21 regarding claims and defenses by counsel for all the parties.
22 Class Counsel agrees that he shall not appeal any portions of this
23 Stipulation on behalf of the Class Representatives or Class Members
24 should this Stipulation be adopted in whole or modified in part by
25 the Court, except Class Counsel reserves the right to appeal any
26 award of attorney fees only in the event that the Court shall grant
27 an amount less than $8,500.00 in response to Class Counsel's
28 motion, as described in Section VI.

1  **X.  NOTICE AND OPPORTUNITY FOR OBJECTIONS AND TO SEEK EXCLUSION**

2      Each Settlement Class Member shall be given notice so that

3  they may have an opportunity to either object to the terms of the

4  Stipulation or to decide whether to exclude themselves from

5  participation in the Settlement.  Class Counsel shall send the

6  Notice to all Settlement Class Members by first class mail to each

7  Settlement Class Member's last known address.  The Notice shall

8  include a provision notifying the class members of their right to

9  either be excluded (opt-out) from the Classes or to object to the

10  terms of this Stipulation.

11      Within 30 days from mailing of the Notice, members of the

12  Classes may file objections to the terms of the Stipulation or may

13  exclude themselves from membership in the Classes. Any exclusions

14  shall be made in writing and sent to Class Counsel, who shall

15  promptly provide copies of all exclusions it receives to all

16  counsel.

17      No objections will be heard or considered at the Fairness

18  Hearing unless the objecting party previously submitted his or her

19  objections in writing in accordance with the terms of this

20  Stipulation and the Notice.

21  **XI.  NO RETALIATION**

22      Souza agrees not to retaliate or take any adverse employment

23  action against any Class Member as a result of their participation

24  in the Action.

25  **XII. MISCELLANEOUS PROVISIONS**

26      This Stipulation comprises the full and exclusive agreement

27  of the parties with respect to the matters discussed herein. No

28  waiver, modification or amendment of any provision of this

1  Stipulation shall be effective unless made in writing, approved by
2  all Parties to this Stipulation and approved by the Court or
3  ordered by the Court.

4      In the event (i) the Court does not enter the Preliminary
5  Order specified herein; (ii) the Court does not finally approve the
6  settlement as provided herein; (iii) the Court does not enter the
7  Final Judgment as provided herein; or (iv) the Stipulation does not
8  become final for any other reason, this Stipulation shall be null
9  and void and any order or judgment entered by the Court in
10  furtherance of this settlement shall be treated as nunc pro tunc.
11  In such a case, the Action and the parties shall be returned to
12  their respective statuses as of the date and time immediately prior
13  to the execution of this Stipulation, and the Parties shall proceed
14  in all respects as if this Stipulation had not been executed.

15      In the event of Souza's failure to pay the gross aggregate
16  settlement amount as required by this Stipulation, the Court shall
17  retain jurisdiction to enforce the terms of this Stipulation and
18  the parties agree that the Court may enter judgment in the full
19  amount of the gross aggregate settlement, and that Souza shall be
20  liable for all attorneys' fees and costs incurred by Class Counsel
21  in seeking to obtain payment of the gross aggregate settlement
22  amount. Any monies received by Class Counsel and Class Members
23  before Souza's failure to complete payment of the gross aggregate
24  settlement amount shall be offset against any recovery by Class
25  Counsel and Class Members in any action seeking to enforce the
26  terms of this Stipulation.

27      The Court shall retain jurisdiction over this Stipulation and
28  the parties for all purposes until the expiration of the Parties'

1  | obligations as set forth herein.

2  | Dated: March 3, 2009                    /s/ Robert Winters

3  |                                                 Plaintiff

4  |

5  | Dated: March 3, 2009                    /s/ Richard Rees

6  |                                                 Plaintiff

7  |

8  | Dated: December 22, 2008     Souza's Milk Transportation Co.

9  |                                      By: /s/ Manuel B. Souza, Jr.

10 |

11 | Dated: December 22, 2008        /s/ Manuel B. Souza, Jr.

12 |                                                 Defendant

13 | Dated: March 3, 2009               Law Office of Jerry Budin

14 |                                            /s/ Jerry Budin

15 |                                           Attorney for Plaintiffs

16 | Dated: December 23, 2009       Dowling, Aaron & Keeler, Inc.

17 |                                            /s/ David A. Dixon

18 |                                         Attorneys for Defendants

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

EXHIBIT B

1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

RICHARD REES, et al.,

Plaintiffs,

vs.

SOUZA'S MILK TRANSPORTATION CO.,
et al.,

Defendants.

CASE NO. CV-F-05-0297 LJO SMS

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND FAIRNESS HEARING

TO:     All truck drivers who were employed by Souza's Milk Transportation Co. and Manuel B. Souza, Jr. in
California at any time from February 28, 2001 through May 1, 2005.

THIS NOTICE MAY AFFECT YOUR RIGHTS. PLEASE READ THIS NOTICE CAREFULLY.

YOU ARE HEREBY NOTIFIED THAT A HEARING HAS BEEN SCHEDULED FOR _____, 2009
BEFORE THE HONORABLE LAWRENCE J. O'NEILL, DISTRICT JUDGE FOR THE UNITED STATES
DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA, TO CONSIDER A PROPOSED
SETTLEMENT OF THE CLAIMS THAT HAVE BEEN BROUGHT ON YOUR BEHALF.

### I.     INTRODUCTION

On February 28, 2005, Plaintiffs  Richard Rees and Robert Winters filed a lawsuit against defendants Souza's
Milk Transportation Co. and Manuel B. Souza Jr. (collectively referred to herein as "Souza") for unpaid overtime
compensation under the federal Fair Labor Standards Act (FLSA) and under the California Unfair Competition Act in
the United States District Court, Eastern District of California.

In this lawsuit, Richard Rees and Robert Winters, individually and on behalf of other truck drivers, allege that
they worked for Souza as a truck driver and were entitled to overtime compensation for hours worked in excess of forty
(40) per week, but that Souza failed to pay them at overtime rates for those overtime hours.  Souza denies these
allegations and further asserts that no legal duty to pay overtime existed because the Motor Carrier Act Exemption
applies.

A tentative settlement of the case has been reached with Souza. The settlement applies to all truck drivers who
meet one of the following definitions:

#### Settlement Class 1
All persons who are employed or have been employed by Souza in the State of California who, on or after
February 28, 2002 to May 1, 2005, have worked as a truck driver hauling dairy products from processing plants
to warehouses and retail establishments solely within the State of California, have worked in excess of forty (40)
hours per week without being paid overtime compensation for those excess hours and have previously joined
this action by filing a Notice Of Consent To Join As Party Plaintiff.

2

Settlement Class 2

All persons who are employed or have been employed by Souza in the State of California who, on or after February 28, 2001 to May 1, 2005, have worked as a truck driver hauling dairy products from processing plants to warehouses and retail establishments solely within the State of California, have worked in excess of forty (40) hours per week without being paid overtime compensation for those excess hours and have not previously opted-out from this action.

## II.    THE REASON YOU HAVE RECEIVED THIS NOTICE

You are either a member of the Settlement Class 1 OR a member of Settlement Class 2. Therefore, your rights will be affected because the Class Representatives, Richard Rees and Robert Winters, and Souza (the Parties) have tentatively settled the lawsuit. Pursuant to that tentative settlement, the Court is considering the entry and final approval of the settlement. By preliminary approval of the proposed settlement on _____, 2008, the Court has preliminarily determined that this lawsuit could be settled.

You are hereby notified that:

1.    A settlement of the claims of the Settlement Classes has been proposed by Class Representatives Richard Rees and Robert Winters and their attorney and Defendants Souza's Milk Transportation Co. and Manuel B. Souza, Jr. and their attorneys.

2.    The proposed Settlement has been submitted to the Court and has received preliminary approval.

3.    If you have received a Settlement Class 1 Claim Form, you are a member of Settlement Classes 1. If you have received a Settlement Class 2 Claim Form, you are a member of Settlement Class 2. You have the right to participate in the Settlement by submitting the Claim Form that you have received.

4.    You and any other persons in the Settlement Classes have the right to object to the proposed settlement or exclude yourself by following the procedures in Parts V-VI of this notice.

6.    A hearing to finally approve the settlement is scheduled for _____, 2009 at 8:30 a.m. in Courtroom 4 at the United States Courthouse, 2500 Tulare Street, Fresno, California before the Honorable Lawrence J. O'Neill, U.S. District Judge.

At the hearing, any member of the Settlement Classes may appear and object to the proposed settlement. However, no such person shall be heard at the hearing, and no papers or written briefs shall be considered, unless the procedures set forth in Part V of this Notice have been followed. You should read that part carefully. Settlement Class members who do not make objections in the manner provided in Part V of this Notice shall be deemed to have waived such objections.

This notice is not to be understood as an expression of any opinion by the Court as to the merits of any claims or defenses asserted by any party in this lawsuit. This notice is sent for the sole purpose of informing you of the pendency of this lawsuit and the terms of the proposed settlement so that you may make appropriate decisions. In the event of any conflicts between this notice and the Settlement Agreement, the terms of the Settlement Agreement shall govern.

## III.    NATURE OF THE LAWSUIT

In this case, Plaintiffs Richard Rees and Robert Winters has sued Souza's Milk Transportation Co. and Manuel B. Souza, Jr. for nonpayment of overtime to truck drivers for hours worked in excess of forty in a week. Souza's Milk Transportation Co. and Manuel B. Souza, Jr. have denied and continue to deny all of the allegations made by the Plaintiff.

The Plaintiffs, Richard Rees and Robert Winters and Souza's Milk Transportation Co. and Manuel B. Souza, Jr. have tentatively settled this lawsuit. The Settlement has received preliminary approval of the Court, subject to notice

3

being provided to the members of the Classes and final approval by the Court after a public hearing. This proposed settlement is described in the next section.

If you are a member of one of the Settlement Classes established by the court, you will receive such benefits, if any, as you may qualify for under the proposed Settlement. If the proposed settlement is not approved, then the offer of settlement will be deemed withdrawn and the case will proceed in Court as if no settlement had ever been made.

## IV.    SUMMARY OF THE RELIEF GRANTED BY THE PROPOSED SETTLEMENT AGREEMENT

For purposes of settlement, and without admitting any liability, Souza's Milk Transportation Co. and Manuel B. Souza, Jr. have agreed to provide certain relief to persons in the Settlement Classes. The following is only a summary of the relief contained in the proposed Settlement. In the event there are any conflicts between this Notice and the Settlement Agreement, the terms of the Settlement shall govern. For a copy of the proposed Settlement, you may contact Class Counsel, whose name, address, and telephone number are listed below in Part VII. The relief granted by the proposed Settlement Agreement is summarized as follows:

·  1.    Souza's Milk Transportation Co. and Manuel B. Souza, Jr. will pay the total sum ("Sum") of Forty-Five Thousand Dollars ($45,000.00) less attorney fees and costs awarded to Class Counsel and any incentive awarded to the Class Representatives Richard Rees and Robert Winters. The Sum will be divided between the Classes as follows:

> Settlement Class 1 = $30,000.00
> Settlement Class 2 = $ 2,000.00

2.    If you have received a Settlement Class 1 Claim Form, you are a member of Settlement Classes 1. If you have received a Settlement Class 2 Claim Form, you are a member of Settlement Class 2. You have the right to participate in the Settlement by submitting one of these forms, but you are not required to submit the form. However, please remember that:

**IN ORDER TO RECEIVE PAYMENT UNDER THIS SETTLEMENT, EACH SETTLEMENT CLASS MEMBER MUST SUBMIT A CLAIM FORM. IF YOU DO NOT SUBMIT A CLAIM FORM, YOUR SHARE OF THE SETTLEMENT WILL GO TO THE OTHER CLASS MEMBERS.**

3.    Any Settlement Class member has the right to object to the proposed settlement by following the procedures set forth in Part V below.

4.    Any Settlement Class member has the right to exclude themself from the proposed settlement by following the procedures set forth in Part VI below.

5.    Souza's Milk Transportation Co. and Manuel B. Souza, Jr. will pay reasonable attorneys' fees and costs in a maximum amount not to exceed $8,500.00. All payments for attorneys' fees and costs will be paid from the Sum before the calculation of payments to each Authorized Claimant. Class Counsel will apply to the court for approval of his attorneys' fees and costs at the hearing scheduled for _____, 2009.

6.    Plaintiff and Class Representatives Richard Rees and Robert Winters will apply to the Court at the hearing scheduled for _____, 2009 for an incentive award not to exceed $1,000.00 each in recognition of the time and efforts they have expended in this case on behalf of the Classes. These incentive awards shall be paid from the Sum.

Monies paid pursuant to the Settlement are taxable. Souza will make all lawful payroll deductions from any payments paid to Settlement Class members from the Sum as set forth in the Settlement Agreement.

## V.    HEARING AND PROCEDURE FOR OBJECTING TO THE SETTLEMENT AGREEMENT

If you are satisfied with the proposed Settlement Agreement, you do not need to appear at the hearing at which the Court will consider final approval of the Settlement Agreement. If you object to the proposed Settlement Agreement, you must take the following steps (your failure to do so will be deemed a waiver of your objections):

A.    So that it is postmarked by _____, 2009, you MUST mail a request by first class postage to all of the following: (i) the Court at United States District Court, Eastern District of California, United States Courthouse, 2500 Tulare Street, Fresno, California 93721-1321 , (ii) to Class Counsel, Jerry Budin, Law Office of Jerry Budin, 2401E. Orangeburg Avenue, Ste. 675-309, Modesto, CA 95355, and (iii) to David Dixon of Dowling, Aaron & Keeler, Inc., 5060 California Avenue, Suite 620, Bakersfield, CA 93309 (Defendants' Counsel).

The request MUST include: (i) a written statement advising if you plan to address the Court at the hearing; (ii) a written statement of your objections; and (iii) any other papers which you propose to submit to the Court, including any legal briefs or memoranda. You may appear personally, or through your own counsel, paid for at your own expense.

B.    If you have satisfied the requirements set forth above, you have the right to address the Court at the hearing scheduled for _____, 2009 before the Honorable Lawrence J. O'Neill, U.S. District Judge, United States District Court, Eastern District of California, Courtroom 4, United States Courthouse, 2500 Tulare Street, Fresno, California 93721-1321.

## VI.    PROCEDURE FOR EXCLUDING YOURSELF FROM THE PROPOSED SETTLEMENT AGREEMENT IF YOU ARE CLASS MEMBER

Even if you do not object to the proposed Settlement Agreement, you may still exclude yourself from the proposed Settlement by taking the following steps.

A.    So that it is postmarked by _____, 2009, you MUST mail a request by first class postage to Class Counsel Jerry Budin, 2401 E. Orangeburg, Ste. 675-309, Modesto, CA 95355 if you wish to be excluded from the Settlement. The written request must contain your name, address, telephone number, Social Security number and the dates of your employment by Souza.

B.    If you do submit a request for exclusion, your individual rights, if any, will be preserved and you will have the right if you so choose to pursue those rights, if any, against Souza.

C.    If you do not submit a Request for Exclusion, you will be bound by the Settlement Agreement if it is approved by the Court.

D.    Furthermore, if you do nothing, that is if you do not submit a Claim Form and do not submit a written objection or exclusion, you will be bound by the Settlement Agreement, but will receive no monetary compensation.

## VII.    CLASS COUNSEL

If you have any questions concerning the proposed Settlement Agreement, or this Notice, you may contact Class Counsel Jerry Budin, Law Office of Jerry Budin, 2401 E. Orangeburg, Ste. 675-309, Modesto, California 95355, telephone (209) 544-3030, e-mail address: jerrybudin@msn.com.

PLEASE DO NOT TELEPHONE OR CONTACT THE COURT OR THE OFFICE OF THE CLERK FOR INFORMATION REGARDING THIS SETTLEMENT OR THE CLAIM PROCESS.

**EXHIBIT C**

# United States District Court, Eastern District of California,

**Fresno Division**

**Richard Rees, et al. v. Souza's Milk Transportation Co. and Manuel B. Souza Jr.**
**Case No. CV F 05-0297 LJO SMS**

## SETTLEMENT CLASS 1 CLAIM FORM

### COMPLETE, SIGN AND MAIL TO:

Jerry Budin
Law Office of Jerry Budin
2401 E. Orangeburg, Ste. 675-309
Modesto, CA 95355

**Must be Postmarked  No Later Than: _____, 2009**

### YOU MUST TIMELY COMPLETE, SIGN AND RETURN THIS CLAIM FORM TO SHARE IN THE MONETARY RECOVERY FROM SOUZA'S MILK TRANSPORTATION CO. AND MANUEL B. SOUZA, JR.

(1) Please type or print the following identifying information:

Name:_____

Address:_____

City, State, Zip: _____     Social Security Number:_____

Telephone Number (Work):_____     Telephone Number (Home): _____

(2) By signing below, I understand that I am agreeing to a full and complete release of Souza's Milk Transportation Co. and Manuel B. Souza, Jr., including its present and former officers, directors and owners, shareholders, employer agents, parent companies, subsidiaries and affiliates and representatives of each for any and all claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, actions, lawsuits or causes of action whatever kind or nature, whether known or unknown, liquidated or unliquidated, that I might have, arising out of or in any way related to this action regarding wage and hour or payroll claims, including but not limited to any and all claims for unpaid wages, worked overtime, and waiting time penalties, under both federal and California state law, including the Fair Labor Standards Act, Section 16(b).

I further understand that I am waiving all rights and benefits afforded to me under Section 1542 of the California Civil Code, which provides:

"A general release does not extend to claims which the creditor [employee] does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor [employer]."

X _____     Date _____

*(Sign your name here)*

## MUST BE RETURNED BY _____, 2009

# CLAIM FORM INSTRUCTIONS

## COMPLETE THE ENCLOSED CLAIM FORM IN ORDER TO BE ELIGIBLE FOR MONETARY RECOVERY

**YOU MUST <u>COMPLETE, SIGN</u> AND <u>MAIL</u> THIS CLAIM FORM BY FIRST CLASS U.S. MAIL OR EQUIVALENT, POSTAGE PAID, POSTMARKED ON OR BEFORE _____, 2009, ADDRESSED AS FOLLOWS, IN ORDER TO BE ELIGIBLE TO RECEIVE A RECOVERY.**

## MAIL TO:

**Jerry Budin**
**Law Office of Jerry Budin**
2401 E. Orangeburg, Ste. 675-309
Modesto, CA 95355

# EXHIBIT D

# United States District Court, Eastern District of California,

**Fresno Division**

**Richard Rees, et al. v. Souza's Milk Transportation Co. and Manuel B. Souza Jr.**
**Case No. CV F 05-0297 LJO SMS**

## SETTLEMENT CLASS 2 CLAIM FORM

COMPLETE, SIGN AND MAIL TO:

Jerry Budin
Law Office of Jerry Budin
2401 E. Orangeburg, Ste. 675-309
Modesto, CA 95355

**Must be Postmarked  No Later Than:** _____, 2009

**YOU MUST TIMELY COMPLETE, SIGN AND RETURN THIS CLAIM FORM
TO SHARE IN THE MONETARY RECOVERY FROM
SOUZA'S MILK TRANSPORTATION CO. AND MANUEL B. SOUZA, JR.**

(1) Please type or print the following identifying information:

Name:_____

Address:_____

City, State, Zip: _____     Social Security Number:_____

Telephone Number (Work):_____     Telephone Number (Home): _____

(2) By signing below, I understand that I am agreeing to a full and complete release of Souza's Milk Transportation Co. and Manuel B. Souza, Jr., including its present and former officers, directors and owners, shareholders, employer agents, parent companies, subsidiaries and affiliates and representatives of each for any and all claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, actions, lawsuits or causes of action whatever kind or nature, whether known or unknown, liquidated or unliquidated, that I might have, arising out of or in any way related to this action regarding wage and hour or payroll claims, including but not limited to any and all claims for unpaid wages, worked overtime, and  waiting time penalties, under both federal and California state law, including the Fair Labor Standards Act, Section 16(b).

I further understand that I am waiving all rights and benefits afforded to me under Section 1542 of the California Civil Code, which provides:

"A general release does not extend to claims which the creditor [employee] does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor [employer]."

X _____     Date _____

*(Sign your name here)*

## MUST BE RETURNED BY _____, 2009

# CLAIM FORM INSTRUCTIONS

## COMPLETE THE ENCLOSED CLAIM FORM IN ORDER TO BE ELIGIBLE FOR MONETARY RECOVERY

**YOU MUST <u>COMPLETE, SIGN</u> AND <u>MAIL</u> THIS CLAIM FORM BY FIRST CLASS U.S. MAIL OR EQUIVALENT, POSTAGE PAID, POSTMARKED ON OR BEFORE _____, 2009, ADDRESSED AS FOLLOWS, IN ORDER TO BE ELIGIBLE TO RECEIVE A RECOVERY.**

### MAIL TO:

**Jerry Budin**
**Law Office of Jerry Budin**
2401 E. Orangeburg, Ste. 675-309
Modesto, CA 95355