IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD REES, et.al, | CASE NO. CV-F-05-00297 LJO SMS |
| Plaintiff,<br>vs. | **ORDER ON PLAINTIFFS' MOTION TO ENFORCE THE SETTLEMENT AGREEMENT** |
| SOUZA'S MILK TRANSPORTATION, CO., et al.,<br><br>Defendants.<br>_____/ | |

Pursuant to notice filed on December 10, 2009, plaintiffs Richard Rees and Robert Winters, as class representatives, move for an order enforcing the Settlement Agreement. Specifically, plaintiffs move for an order:

1. Appointing Desmond, Marcello & Amster as settlement administrator;
2. Directing defendants to convey the agreed $45,000 settlement amount;
3. Charging defendants with reasonable costs of the settlement administrator;
4. Awarding attorneys' fees for the motion; and
5. Holding defendants in contempt.

This Court vacated the hearing on this motion. The Court was informed that defendant Souza's Milk Transportation Co. filed bankruptcy and accordingly, the Bankruptcy stay is in effect. Defendant Manual Souza, Jr. failed to file an opposition to the motion and the hearing was vacated pursuant to Local Rule 230( c) and (g). Having considered the moving papers in this matter, and the Court's file, the Court orders as follows.

**FACTUAL OVERVIEW**

Plaintiffs Richard Rees and Robert Winters brought this action individually and on behalf of other truck drivers who now work or have worked for defendant Souza Milk Transportation Co. Plaintiffs alleged that Souza had a policy of requiring its truck drivers to work more than forty (40) hours a week without overtime payment.

This Court certified a collective action under 29 U.S.C. §216(b) and a class action under Fed.R.Civ.P. Rule 23 in this case. Thereafter, the parties settled their dispute with an agreement that defendants would pay $45,000 in settlement. This Court approved the class action settlement based upon the evidence submitted by the parties and entered judgment on May 18, 2009. Judgment was entered as against Souza's Milk Transportation, Co. and Manual Souza, Jr.

Plaintiffs' moving papers indicate that defendants have failed to pay the settlement amount. Plaintiffs bring this motion to enforce the settlement agreement.

**ANALYSIS AND DISCUSSION**

**A.    Souza's Milk Transportation Co.**

Souza's Milk Transportation Co. filed a petition for relief pursuant to Title 11 U.S.C. Chapter 6 with the United States Bankruptcy Court. (Doc. 220, Notice of Filing Bankruptcy.) Title 11 U.S.C. section 362(a) creates a stay of enforcement of actions. Accordingly, as the Bankruptcy stay is in effect, the Motion is denied as to Souza's Milk Transportation Co.

**B.    Manual Souza, Jr.**

Plaintiffs seek an order directing defendant Manual Souza, Jr. to convey the settlement proceeds of $45,000.

Rule 69(a) governs the procedure that applies to the enforcement of a money judgment in federal court. *Carnes v. Zamani*, 488 F.3d 1057, 1059 (9th Cir. 2007). Fed.R.Civ.Pro 69(a) "governs execution proceedings in federal courts." *Hilao v. Estate of Marcos*, 95 F.3d 848, 851 (9th Cir.1996). Rule 69(a) provides that, "[a] money judgment is enforced by a writ of execution, unless the court directs otherwise."

In *Hilao v. Estate of Marcos,* the court held that the proper means to enforce a money judgment is to seek a writ of execution. *Hilao* involved foreign banks in which assets of a judgment debtor were

deposited and over whom the district court had personal jurisdiction. The Ninth Circuit held that the district court did not have equitable powers under Rule 69(a) to order the banks to pay the contested funds into the court's registry. The Court stated that Rule 69(a) "essentially limits a district court's mechanism for enforcement of a money judgment to a writ of execution and the court had no authority to order the Banks to deposit the contested funds into the court registry." *Id.* at 856.

Here, plaintiffs seek to enforce a money judgment by means other than a writ of execution. Plaintiffs seek to have this Court compel defendants to pay the $45,000 settlement amount. The only acceptable procedure, however, is a writ of execution. "The proper means ... to secure compliance with a money judgment is to seek a writ of execution." *Hilao,* 95 F.3d at 854.

Plaintiffs argue that Rule 70 controls this motion. Pursuant to Fed.R.Civ.P. Rule 70, if a judgment requires a party to "perform any...specific act and the party fails to comply within the time specified, the court may order the act to be done–at the disobedient party's expense-by another person appointed by the court." Plaintiffs argue the judgment in this matter ordered the defendants to comply with the Stipulation, and defendants have not complied.

Here, however, the act to be performed is the payment of a money judgment to pay the settlement amount to fund payments to class, the incentive award and attorneys fees. Rule 69, not Rule 70, applies to enforcement of the money judgment. Accordingly, the proper procedure is to obtain a writ of execution.

## C. Contempt

Further, the Court cannot enforce a money judgment through contempt. In *Hilao*, the court held, "we do not interpret the exception to execution to permit a federal court to 'enforce a money judgment by contempt or methods other than a writ of execution, except in cases where established principles so warrant.' " *Hilao*, 95 F.3d at 854.

Here, no extraordinary circumstances are presented which may warrant enforcement by contempt. Accordingly, the money judgment cannot be enforced through contempt.

## D. Appointment of a Settlement Administrator

In their motion, plaintiffs ask the Court to appoint Desmond, Marcello & Amster as settlement administrator to implement the settlement and disburse funds, and charge reasonable costs to defendant

Manual Souza, Jr.

Pursuant to the parties' Stipulation Regarding Settlement (Doc. 207) and this Court's Order and Judgment (Doc. 214) incorporating the Stipulation Regarding Settlement, the settlement administrator is class counsel Jerry Budin. (Doc. 207, Stipulation Regarding Settlement p.15.) The Court had approved and entered judgment based upon the parties' agreement that class counsel Jerry Budin was appointed Settlement Administrator. A district court has authority and discretion to protect the interests and rights of class members and to ensure its control over the integrity of the settlement approval process. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1025 (9th Cir. 1998). No justification, and no agreement, has been offered for the substitution of settlement administrators. As the Court has previously approved the settlement with class counsel as the settlement administrator, and no evidence is offered as to the substitution, the substitution is denied.

## **CONCLUSION**

For the foregoing reasons, the motion to enforce the settlement agreement is DENIED.

IT IS SO ORDERED.

**Dated:   January 7, 2010**               **/s/ Lawrence J. O'Neill**
                                                                  UNITED STATES DISTRICT JUDGE